# MINUTES

| | |
|---|---|
| CASE NUMBER: | CRIMINAL NO. 20-00016 LEK |
| CASE NAME: | USA vs. Henry Malinay |
| ATTYS FOR PLA: | Kenneth M. Sorenson<br>Gregg Paris Yates |
| ATTYS FOR DEFT: | Marc Jeffrey Victor<br>Michael Lewis Parrish |
| USPO: | Darsie Ing-Dodson |

| | | | |
|---|---|---|---|
| JUDGE: | Leslie E. Kobayashi | REPORTER: | Debi Read |
| DATE: | 12/17/2020 | TIME: | 11:00 am - 11:40 am<br>11:17am-11:25am Sealed |

COURT ACTION:   EP: Sentencing to Count One (1) of the Felony Information as to defendant Henry Malinay held by video teleconference.

Defendant, Henry Malinay present not in custody via video teleconference.

The defendant was asked by the court about consenting to proceed by video conference, and he *consented*.  The court made the finding pursuant to Section 15002(b)(2) of the Coronavirus Aid Relief and Economic Security Act, also known as the CARES Act that felony sentencing under Rule 32 cannot be conducted in person without seriously jeopardizing public health and safety. The Court further finds the following specific reasons exist that this sentencing for the defendant, Henry Malinay, cannot be further delayed without serious harm to the interest of justice; thus the sentencing hearing must be conducted by video teleconference.

    First, on November 12, 2020, the Chief Judge of the District of Hawaii made the appropriate findings as required under the CARES Act that the change of plea and sentencing hearings cannot be conducted in person for those individuals house at the Federal Detention Center Honolulu, without seriously jeopardizing public health and safety. Further on November 25, 2020 the Chief Judge also made those same findings for those individuals residing in communal settings. With regard to Mr. Malinay, the Courts notes his recent arrival to Honolulu from the State of Nevada on *December 14, 2020*.

    Two, on November 23, 2020, the State of Hawaii Governor David Ige issued his 16th proclamation related to the COVID-19 emergency and extended mandatory self-quarantine for interisland and out-of-state travellers and also providing a negative test exemption.  The Court note that Mr. Malinay has a negative test exemption, however, with

his recent arrival to Honolulu from Nevada, the Court has taken further percautions to conduct this hearing by video teleconference with the defendants consent.

    The Court concludes that this sentencing hearing cannot be further delayed without serious harm to the interest of justice.  Specifically with regard to Mr. Malinay, this sentencing hearing cannot be further delayed without serious harm to the interest of justice because Mr. Malinay cooperated with the government, the trial is concluded and it would be unfair to the victims of this case.

Defendant plead guilty to Count One (1) of the Felony Information  on 1/31/2020 and was adjudged guilty.

The memorandum of plea agreement has been accepted by the Court.

Parties have reviewed the Presentence Report and it is placed in the record under seal.

Court findings made as to the applicable sentencing guidelines.  Court adopts the factual findings of the PSR.

Court notes the aggravating and mitigating factors related to Defendant's Sentencing.

*****Sealed 11:17 am - 11:25 am *****

Recommendations by counsel as to proposed sentence heard.

Allocution by Defendant

Government's Sealed MOTION (Dkt. 28) - GRANTED.

Court's proposed sentence stated.  No legal objections to the proposed sentence.
Court imposes sentence:

SENTENCE:
IMPRISONMENT: THIRTY (30) MONTHS.

SUPERVISED RELEASE: THREE (3) YEARS

RESTITUTION: $230,527.13

SPECIAL ASSESSMENT: $100

Conditions of Supervised Release:

You must abide by the mandatory and standard conditions of supervision, including the following conditions:

You must refrain from any unlawful use of a controlled substance. You must submit to one

drug test within 15 days of commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision. (mandatory condition) **- WAIVED -**

You must cooperate in the collection of DNA as directed by the probation officer. (mandatory condition)

You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame. (standard condition)

You must abide by the following special conditions:

1. Restitution of $230,527.13 is due as specified in PSR Attachment A. Any unpaid balance is to be paid during the period of supervision in monthly installments of 10% of your gross monthly income, commencing 30 days after the start of supervision. The court may order that this requirement be changed from time to time as your circumstances warrant, but no court order shall be required for your voluntary agreement to pay more than the court-ordered amount. Interest is waived. Payments must be made by payroll deduction, when applicable. You must notify the probation officer of any change in your financial circumstances that affect your ability to pay. Your financial circumstances must be reviewed by the probation officer on at least an annual basis. The victims' recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victims receive full restitution.

2. You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

3. You must apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, at the discretion and direction of the court.

4. You must not incur new credit charges, or open additional lines of credit, or apply for any loans without the prior approval of the probation officer. You must not borrow money or take personal loans from any individual without the prior approval of the probation officer.

5. You must maintain a single personal bank account, separate and apart from your spouse, any family members or others, into which all income, financial proceeds, and gains must be deposited and from which all expenses must be paid.

6. You must cooperate with the Internal Revenue Service and arrange for the payment of delinquent taxes, interest and penalties, and the filing of tax returns.

7. You must provide the probation officer with a signed release authorizing credit checks and an accurate financial statement, with supporting documentation, as to all of your sources and amounts of income, all of your expenses, and any business you own, in whole or in part.

8. You must provide the probation officer with access to any and all business records, financial records, client lists, and other records, pertaining to the operation of any business you own, in whole or in part, as directed by the probation officer.

9. You must submit your person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Defendant advised of his right to appeal within 14 days of entry of judgment.

Judicial Recommendations:
1. Bureau of Prisons facility geographically located near or in the State of Nevada for family support.

Defendant to self-surrender by 12:00 p.m., on August 20, 2021 to the facility designated by the Bureau Of Prisons (BOP). The time is the time of the facility.

All conditions of supervision to remain in effect.

Submitted by: Agalelei Elkington, Courtroom Manager